UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLOS HUMBERTO RODRIGUEZ RODRIGUEZ,<br>    PETITIONER,<br><br>v.<br><br>MICHAEL NESSINGER, Superintendent, Wyatt R Wyatt Detention Facility<br>PATRICIAL HYDE, Field Office Director<br>TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, and<br>KRISTI NOEM, U.S. Secretary of Homeland Security<br>    RESPONDENTS. | C.A. No. 25-cv-505-MSM-AEM |

ORDER

Mary S. McElroy, United States District Judge.

Petitioner Carlos Humberto Rodriguez Rodriguez petitions the Court under 28 U.S.C. § 2241 and seeks either immediate release from custody or, in the alternative, a bond hearing. (ECF No. 3.) Mr. Rodriguez is a citizen of El Salvador who has been present in the United States since approximately 2005. *See id.* ¶ 2; ECF No. 6 at 3. Mr. Rodriguez was detained and arrested by Immigration and Customs Enforcement while it was pursuing another target. (ECF 3 ¶¶ 2, 6.)

Respondents contend that Mr. Rodriguez's detention is governed by 8 U.S.C. § 1225 because, despite Mr. Rodriguez having already been present in the United

States, Respondents argue that "as an alien who entered without inspection or parole [Mr. Rodriguez] was and remains an applicant for admission who is treated, for constitutional purposes, as if stopped at the border." (ECF No. 6 at 4.) As such, Respondents argue Mr. Rodriguez is subject to mandatory detention and is not entitled to a bond hearing. *Id.*

However, Respondents also acknowledge that the "questions of law in this case, and the challenges to the government's policy and practice, substantially overlap with those at issue" in *Elias Escobar v. Hyde*, No. 1:25-CV-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025) and *Doe v. Moniz*, No. 1:25-CV-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025). *Id.* In those cases, the court found that detention of individuals under similar circumstances is governed by 8 U.S.C. §1226(a), which entitles detained noncitizens to a bond hearing. *See Escobar*, 2025 WL 2823324 at *2 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27, 41 (1st Cir. 2021)). Respondents further suggest, while preserving all their rights and objections, that "[s]hould the Court apply the same reasoning the courts did in those cases to this one, the legal principles espoused in those cases would likely warrant the same conclusion here." *Id.* at 6.

The Court agrees that the issues presented by Mr. Rodriguez are essentially the same as those in *Escobar* and *Doe*. The Court further finds the reasoning in *Escobar*, *Doe*, and similar cases to be correct. As such, the Court finds that Mr. Rodriguez is entitled to a bond hearing.

For the foregoing reasons, the Petition for Writ of Habeas is GRANTED. Respondents are ORDERED to provide Mr. Rodriguez with a bond hearing under 8

U.S.C. § 1226(a) within 7 days of this Order.  The Respondents are further ORDERED to provide specific reasons at the bond hearing for the reasons that Mr. Rodriguez has been either granted or denied bond.  The parties shall provide a status report to this court within 24 hours of the conclusion of that hearing.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

October 17, 2025